Filed 10/28/20  Nemer v. City of Mill Valley  CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GARY NEMER, Individually and as Trustee, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF MILL VALLEY et al., <br><br> Defendants and Respondents. | A159224 <br><br> (Marin County <br> Super. Ct. No. CIV1701132) |

This attorney fee appeal is a companion appeal to *Nemer v. City of Mill Valley* (A157210, Oct. 16, 2020 [nonpub. opn.]) (*Nemer 1*), in which we reversed the grant of summary judgment entered against homeowner Gary Nemer in his lawsuit against the City of Mill Valley and the Mill Valley City Council (collectively, the City).  The lawsuit, summary judgment and prior appeal all concerned a home renovation project undertaken by Nemer's neighbors, which he alleged exceeded the scope of work that had been authorized and violated both the conditions of its approval and the local planning code.  We presume the parties' familiarity with the facts of the case as described in our prior opinion.

After the trial court granted summary judgment against Nemer, it awarded $107,721 in prevailing party legal fees to the City under 42 U.S.C.

1

§ 1988 solely for fees the City incurred in defending Nemer's due process claims.[1]  In full, the basis for the court's ruling was as follows:

"Here, the court finds that Nemer's third cause of action for Violation of Procedural Due Process (42 U.S.C. §1983) had no legal or factual basis as evidenced by the court's ruling on the City's motion for summary judgment. Nemer's failure to dispute the City's evidence that Nemer was noticed and afforded every opportunity to attend hearings, object to, and appeal decisions made by the Zoning Administrator and/or Planning Commission, and in fact did, confirms Nemer's knowledge of his failure to have a colorable due process claim against the City, yet continued to maintain and litigate it anyway [*sic*]. The court finds that the City is entitled to its reasonable attorney fees for the defense of Nemer's section 1983 claim against it."

Nemer now timely appeals the attorney fee award.  We reverse.

## DISCUSSION

As was true in the prior appeal, Nemer raises many issues on appeal and, once again, much of his briefing is challenging to understand.  In places, he also attempts to reargue the merits of the summary judgment ruling, which we will not revisit in this appeal.  We do, however, understand him clearly to assert that the trial court abused its discretion in awarding attorney fees pursuant to 42 U.S.C. section 1988 because his due process claims were not frivolous.  We agree.

There appears to be no dispute concerning the applicable legal standard.  "Section 1988 provides, in relevant part, 'In any action or proceeding to enforce a provision of section[ ] . . . 1983, . . .  the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . . '  (42 U.S.C. § 1988(b).)  The

---

[1]  The City's total legal fees exceeded $300,000.

2

United States Supreme Court has imposed a limitation, however, on the trial court's discretion to award fees when the prevailing party is a defendant.  In such cases, the court may award fees only if it finds that the plaintiff's ' "claim was frivolous, unreasonable, or groundless, *or that the plaintiff continued to litigate after it clearly became so.*" ' [Citation.]  We review the trial court's award of attorney fees under section 1988 for an abuse of discretion."  (*Robbins v. Regents of University of California* (2005) 127 Cal.App.4th 653, 665.)  In conducting that highly deferential review, we must determine whether the trial court exceeded the bounds of reason, based upon a review of the entire record and " ' "attentive to the trial court's stated reasons in denying [or granting] the fees," ' " to decide whether the court applied the proper legal standards and, if it did, whether its application of the legal standards to the facts was within the scope of its discretion. (*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 418.)

Here, in awarding legal fees, the trial court found that Nemer's due process claim "had no legal or factual basis" because, on summary judgment, Nemer "fail[e]d to dispute the City's evidence that Nemer was noticed and afforded every opportunity to attend hearings, object to, and appeal decisions made by the Zoning Administrator and/or Planning Commission, and in fact did [so]," which the trial court said "confirms Nemer's knowledge of his failure to have a colorable due process claim against the City, [and] yet [he] continued to maintain and litigate it anyway."  But, as Nemer points out, this ruling (and the underlying motion) misunderstands the scope of his due process claims.  As we explained in our prior opinion, Nemer asserted a right to a hearing for things that took place *after* the design review approval process had concluded that he alleged *exceeded* the scope of the approvals and

3

permitting.  In reversing summary judgment, we held the City did not demonstrate its right to judgment as a matter of law on Nemer's allegations he has a right under state and local law to notice and a hearing about those aspects of construction that allegedly require a variance.  (*Nemer 1*, *supra*, at pp. 23-26.)  And although Nemer failed to make "an intelligible legal argument for reversal" on his due process claims (*id.* at p. 27), the trial court did not make a finding that the due process claims he actually asserted are frivolous.  Nor did the City's attorney fee motion address the due process claims as actually alleged.  The City's motion merely argued that it was frivolous to assert a due process claim because Nemer had fully participated in the design review approval process, all the way up through an appeal to the City Council.

Nor can we say Nemer's due process claims are frivolous as a matter of law.  As Nemer points out, the trial court in this case held his claims were sufficient to withstand demurrer.  And in the prior appeal, he cited case law indicating that a procedural due process violation might have been a viable theory had he spelled it out on appeal more cogently.[2]

---

[2] We said: "His opening brief makes broad, sweeping references to the requirements of due process, and he also cites legal authority that land use decisions that 'substantially affect' the property rights of owners of adjacent parcels constitute deprivations of property within the meaning of procedural due process, entitling the property owner to reasonable notice and an opportunity to be heard.  (*Horn v. County of Ventura* (1979) 24 Cal.3d 605, 612, 615 [subdivision approval].)  But Nemer has not explained why any of his allegations in this case rise to that level. (Compare, e.g., *Drum v. Fresno County Dept. of Public Works* (1983) 144 Cal.App.3d 777, 782 [granting a variance to construct two-story garage requires notice and hearing] with *Robinson v. City and County of San Francisco* (2012) 208 Cal.App.4th 950, 963-964 [no procedural due process right to notice and hearing before city authorizes installation of wireless antennas on utility poles near homes; 'notice and a hearing . . . are [not] constitutionally required before every

In defending the fee award, the City for the most part reiterates arguments that mischaracterize the scope of those due process claims. Responding to Nemer's contention it has missed his point (because the claimed due process violations relate to improvements his neighbors *actually* constructed that went *beyond* their permitted approvals, and therefore occurred after the various administrative proceedings in which Nemer participated), all the City says is this: "there is simply no authority whatsoever that the private conduct of a plaintiff's neighbor gives rise to a due process claim against a municipal agency. Regardless of how [Nemer] recasts his allegations, on this record, [Nemer] simply did not have any reasonable basis for asserting a due process cause of action." We do not agree.[3]

The City also contends that even if Nemer's due process claim wasn't frivolous to begin with, it became frivolous by the time of summary judgment because Nemer failed to introduce any admissible evidence in support of his claim. This argument rests on the same flawed view about the scope of Nemer's claims as the trial court's summary judgment ruling.

For these reasons, we conclude the trial court abused its discretion in granting the City's motion for an award of attorney fees.

Appellant's unopposed motion to augment the record, previously taken under submission, is granted.

---

planned alteration to a property, no matter how insignificant'].)" (*Nemer 1, supra*, at p. 27.)

[3] See authorities cited in footnote 2, *ante*, page 4.

## DISPOSITION

The November 7, 2019 order granting the City's motion for an award of attorney fees is reversed. The City's request for an award of legal fees incurred in this appeal is denied. Appellant shall recover his costs.

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

MILLER, J.

*Nemer v. City of Mill Valley* (A159224)